**Nancy E. SELF, individually and as a representative of the class hereinafter delineated, Plaintiff,**

**v.**

**W. H. KERNS, as Commissioner of the Medical Services Administration of the State of Alabama; and Patricia Harris, as Secretary of Health, Education and Welfare, Defendants.**

**Civ. A. No. 80–64–N.**

United States District Court, M. D. Alabama, N. D.

Dec. 17, 1980.

John Self, Hamilton, Ala., for plaintiff.

Charles A. Graddick, Atty. Gen., State of Alabama, and Herman H. Hamilton, Jr., Shapard D. Ashley, Thomas S. Lawson, Jr., Montgomery, Ala., for W. H. Kerns.

Barry E. Teague, U.S. Atty., Kenneth E. Vines, Asst. U.S. Atty., Montgomery Ala., and Carl H. Harper, Sharon F. Adams, Dept. of HEW, Atlanta, Ga., for Patricia Harris.

## MEMORANDUM OPINION

HOBBS, District Judge.

Without reaching the question of certification of the class in this action, this cause is now before the Court on defendant Harris' motion for summary judgment filed herein on October 28, 1980, and defendant Kerns' motion for summary judgment filed

herein on November 12, 1980. Upon consideration of said motions, briefs and argument of counsel, the Court is of the opinion that when viewing the evidence in favor of plaintiff there remains no genuine issue as to any material facts and defendants are entitled to a judgment as a matter of law.

Oral arguments were heard on said motions during which the parties stipulated for the purposes of the hearing to the following material facts. The State of Alabama through its state agency, the Alabama Medical Services Administration, currently participates in the Medical Assistance Program (Medicaid) which is authorized under Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq. Medicaid is a program jointly funded by federal and state governments for the purpose of providing medical assistance to certain "categorically needy" people. One form of medical assistance under this program is the providing of nursing home expenses. Under this form of assistance, Medicaid benefits are extended to defray the costs of care in skilled nursing facilities. Alabama Medical Services Administration currently pays from approximately $380 to $815 per month for nursing home expenses for qualified Medicaid recipients.

To qualify as a recipient, a nursing home resident must satisfy the eligibility requirements set out in the Alabama Medical Services Administration regulations. One requirement is that a nursing home resident not have an income in excess of $421.00 per month. If an individual's income exceeds $421.00 per month, that person is ineligible for Medicaid benefits and is completely barred from receiving any financial supplements to allow him to remain in a nursing home.

Plaintiff's gross income is approximately $463 per month and thus she is ineligible to receive the benefits of this form of assistance. Although all persons admitted to a nursing home who receive any part of their nursing home expense from Medicaid are required to contribute their entire income[1] to help defray the cost of nursing home care, a person with income in excess of $421.00 per month cannot receive any contribution from the Alabama Medical Services Administration to enable such person to remain in a nursing home. We, therefore, have a program which will permit, for example, a person with a social security income of $300.00 per month to contribute $275.00 of such income to Alabama Medical Services Administration and Alabama Medical Services Administration will pay the balance of such person's nursing home expense of $400.00 per month. But if a person has $450.00 of social security income, which is all of such person's income, and offers to contribute $425.00 per month of this monthly income, the Alabama Medical Services Administration by its regulations is prohibited from making any contribution for such person. Plaintiff contends that this is arbitrary and denies her equal protection of the laws in violation of the Constitution of the United States.

The Court is sympathetic with the plight of plaintiff and those in the same financial situation. It is unfortunate that an individual whose income is more than an arbitrarily selected amount is totally precluded from obtaining any nursing home benefits under this program.

If this Court were at liberty to substitute its views for those of the Legislature, it would strive to devise a plan which did not totally disqualify a person from receiving the benefits of a program merely because that person's income, for example, from social security exceeded an arbitrary amount, where such person is contributing all of that income to Alabama Medical Services Administration except for $25.00, thus leaving the person with the larger income in the same position as the person with a $300 monthly income or $50 monthly income. The decision of this Court today emphatically should not be interpreted as agreement with a policy that denies the benefits

1. Before contributing their income to the cost of care all individuals are allowed to deduct and retain $25 as a personal needs allowance.

of a nursing home totally to one whose social security income exceeds a stated amount even though such person pays all of his income to help defray such cost. This policy seems to this Court to put a penalty on those who have worked over most of their years in a most inequitable manner.

Today's decision should not be construed, therefore, as a determination by this Court that the regulation under consideration "is wise, that it best fulfills the relevant social and economic objectives that [Alabama and the United States] might ideally espouse, or that a more just and humane system could not be devised." *Dandridge v. Williams*, 397 U.S. 471, 487, 90 S.Ct. 1153, 1162, 25 L.Ed.2d 491. The Court only decides that plaintiff's constitutional rights have not been violated. "The Constitution does not empower this Court to second guess state officials charged with the difficult responsibility of allocating limited public welfare funds among the myriad of potential recipients." *Id.*

As the Supreme Court further stated in *Dandridge*:

> In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some "reasonable basis," it does not offend the constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality." [citation omitted] *Id.* at 485, 90 S.Ct. at 1161.

If this Court intrudes in this difficult area on the ground of constitutional infirmity, it lacks the resources, the knowledge and the wisdom to devise a new scheme for allocating limited welfare funds. While the Court feels the inequity of the present plan, it does not find that it violates the Constitution of the United States.

A judgment will be entered in accordance with this opinion.